## (April 13, 1973)

■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. JEAN M. JAKOBLEW, Respondent.— Application unanimously dismissed, without costs. Memorandum: State Division of Human Rights seeks to enforce the order of the Commissioner in a proceeding which charged respondent with an unlawful discriminatory practice in that she refused to rent an available apartment to the complainant

because of her color. The order was in all respects proper except for decretal paragraph (C), which directed that the State Division of Human Rights and its .designee, Housing Opportunities Made Equal (H.O.M.E.) be notified of available housing accommodations subject to the Human Rights Law now or hereafter owned, controlled or operated by respondent, and which also directed that respondent consider applicants referred by the State Division of Human Rights or H.O.M.E. without regard to any waiting list of other applicants. This paragraph requiring preferential referral for others than complainant is violative of the public policy of the State, which is to assure every individual an equal opportunity in respect to housing (*State Division of Human Rights* v. *Stern*, 37 A D 2d 441, 443; *Center Mgt. Co.* v. *State Division of Human Rights*, 34 A D 2d 637, affd. without opinion 27 N Y 2d 914). Except for this modification we would grant an order of enforcement if the Division's application had been timely made. The Commissioner's order is dated January 8, 1970 and provides for an effective period of two years. Section 298 of the Executive Law indicates that these matters should be given a preference and provides that: "All such proceedings shall be heard and determined by the court and by the court of appeals as expeditiously as possible and with lawful precedence over other matters". The record contains no explanation why the Division has so long delayed an application of enforcement. We concur with the statement in *State Division of Human Rights* v. *Luppino* (35 A D 2d 107, 109, affd. without opinion 29 N Y 2d 558) that " there is no statutory authorization which permits this court to extend the time period provided in the Commissioner's order ". (See also *State Division of Human Rights* v. *Janica*, 37 A D 2d 444, 447.) If there is a need for further action in this matter, the Division may, if proper grounds exist, bring another proceeding. (Motion pursuant to section 298 of the Executive Law, to enforce order of Commissioner.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ. [As amd. May 17, 1973.]